# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| NANCY W. COOPER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | CIVIL NO. 3:05CV480 |

## ORDER

The United States of America has moved this Court, pursuant to sentence four of 42 U.S.C.§ 405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand, the administrative law judge (ALJ) will be instructed to determine whether Plaintiff could perform any of her past relevant work, either as she performed it or as generally performed in the national economy. In making this determination, the ALJ will compare the residual functional capacity with the requirements of Plaintiff's past work, either as she performed it or as generally performed, and will provide a rationale for his finding pursuant to Social Security Ruling 82-62. If the ALJ finds that Plaintiff could not perform any of her past relevant work, the ALJ will determine whether she could perform any other work existing in significant numbers in the national economy. If necessary, the ALJ will consult a vocational expert and will obtain vocational testimony pursuant to Social Security Ruling 00-4p.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. §405(g), and in light of the Commissioner's assented to request to remand this action for

further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 111 S. Ct. 2157(1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

**SO ORDERED**.

Signed: September 7, 2006

Carl Horn, III
United States Magistrate Judge